Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0955 | **DATE** | February 17, 2012 |
| **CASE TITLE** | Mark A. McKay (#2011-0107092) v. Cook County Department of Corrections | | |

**DOCKET ENTRY TEXT:**

Plaintiff is granted thirty days in which to: (1) file either an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee; (2) show cause why this suit should not be dismissed for failure to exhaust administrative remedies; **and** (3) submit an amended complaint naming a suable entity as Defendant. The Court dismisses the complaint on file without prejudice. The Clerk is directed to send Plaintiff an IFP application and an amended complaint form and instructions along with a copy of this order. Failure of Plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case. Plaintiff is advised that he must provide the Court with the original plus a judge's copy of every document filed.

■ [For further details see text below.]                                **Docketing to mail notices.**

### STATEMENT

      Plaintiff, a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on February 1, 2012, he, a protective custody detainee, was placed on a transport bus with general population detainees. He further alleges that on that occasion a verbal altercation that he had with a general population detainee escalated into "mob action" resulting in his being beaten for 15 to 20 minutes.

      To enable the Court to make the necessary assessment of the initial partial filing fee, Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if Plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this Court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from August 10, 2011, through February 10, 2012].

      Under 42 U.S.C. § 1997e(a), the Court is directed to dismiss a suit brought with respect to prison conditions if the Court determines that Plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999). A prisoner must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. See *Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37.
**(CONTINUED)**

                                                                                        AWL

| STATEMENT (continued) |
|---|

To exhaust remedies under § 1997e(a), a prisoner "must file complaints and appeals in the place, and at the time, the *prison's* administrative rules require." *Pozo*, 286 F.3d at 1025 (emphasis added); see also *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999) ("[T]he exhaustion requirement in § 1997e(a) is directed at exhausting the prisoner's administrative remedies in the corrections system, and investigation by another agency does not satisfy the requirement of the statute."). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. See *Porter*, 534 U.S. at 524-25.

While failure to exhaust ordinarily is an affirmative defense, in this case, it appears on the face of the complaint the Plaintiff could not have exhausted his administrative remedies prior to filing suit: Plaintiff pleads that the incident underlying his complaint occurred on August 16, 2011. See Plaintiff's complaint, p. 4. Plaintiff's IFP application was certified on August 29, 2011, and the complaint is date stamped September 8, 2011, less than one month after the alleged incident. *Id.*; see also ECF Doc. No. 3, Plaintiff's i.f.p. application, p. 3. "[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). While it appears clear on the face of the complaint that Plaintiff filed his complaint prior to exhausting his administrative remedies as required, the Court will give Plaintiff the opportunity to establish exhaustion prior to dismissing his complaint. Plaintiff is ordered to show cause within thirty days of the date of this order why this case should not be dismissed for failure to exhaust administrative remedies as required, prior to filing suit.

Additionally, Plaintiff must submit an amended complaint. The only named Defendant, the Cook County Department of Corrections, is not a proper Defendant because it is not a suable entity. See *Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). Accordingly, Plaintiff must submit an amended complaint, naming a suable entity or entities who were personally involved in the alleged deprivation of his constitutional rights.

In sum, should he choose to proceed, Plaintiff must within thirty days: (1) file **either** an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) **or** pay the full $350 filing fee; (2) show cause as to why his claims are not untimely for failure to exhaust administrative remedies prior to filing suit; and (3) submit an amended complaint naming a suable entity as Defendant. The Clerk will furnish Plaintiff with an *in forma pauperis* application and an amended complaint form along with a copy of this order. Failure of Plaintiff to comply with any part of this order within thirty days of its entry will result in summary dismissal of this case.